DEBORAH M. SMITH
Acting United States Attorney

JAMES BARKELEY
THOMAS C. BRADLEY
Assistant U.S. Attorneys
Federal Building & U.S. Courthouse
222 W. 7th Avenue, #9, Room 253
Anchorage, AK 99513-7567
Phone: (907) 271-3699
Fax: (907) 271-1500
Email: jim.barkeley@usdoj.gov
Alaska Bar No. 8306019

Counsel for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. 3:04-cr-126-HRH |
| | ) | |
| Plaintiff, | ) | **DECLARATION OF COUNSEL IN** |
| v. | ) | **SUPPORT OF MOTION FOR FINAL** |
| | ) | **DECREE OF FORFEITURE** |
| LAMPHONE SANOUVONG, | ) | |
| KHONESAVANH THINOI, | ) | |
| RUNGSEE MUANGKEO, | ) | |
| MAYUREE MUANGKEO, | ) | |
| MONTHREE UDOMSIN, | ) | |
| KARRY CHINDARAK, | ) | |
| JANNIE KEOMANY, and | ) | |
| BOUNLAY CHITPASEUTH, | ) | |
| | ) | |
| Defendants. | ) | |

I, JAMES BARKELEY, am an Assistant United States Attorney and represent the plaintiff in this action.

**PROCEDURAL OVERVIEW**

1.      In this case, numerous defendants were charged in a First Superseding Indictment in December 2004.  This Declaration will address the criminal dispositions of only the above-referenced defendants, because only these defendants forfeited property pursuant to their plea agreements.  Preliminary orders of forfeiture have already been entered against each of these defendants, in conjunction with their guilty plea(s) to criminal counts (set out in either the First Superseding Indictment or in a related-case Information) and forfeiture counts in the First Superseding Indictment.  The relevant criminal and forfeiture proceedings as to each of these defendants are set out below, in support of the government's request for an all-inclusive final decree of forfeiture.  If granted, this motion will result in an order bringing forfeiture proceedings in this case, and the related Information cases, to a close, following exhaustive efforts by the government to notify potential claimants.

**Defendant Lamphone Sanouvong (D-01)**

2.      On April 26, 2005, defendant LAMPHONE SANOUVONG entered into a Plea Agreement by which she pled guilty to Counts 1, 49, 50, and 51 of the First Superseding Indictment in this case.  On May 26, 2005, the Honorable H. Russel Holland entered a Preliminary Order of Forfeiture against the above-named defendant, forfeiting to the United States the defendant's interest in the $119,000.00 IN UNITED STATES CURRENCY described in Count 49, the $76,000.00 IN UNITED STATES CURRENCY described in Count 50, and the $15,593.00 IN UNITED STATES CURRENCY described in Count 51.

Docket 293.

### Defendant Khonesavanh Thinoi (D-03)

3.      On April 11, 2005, defendant KHONESAVANH THINOI entered into a Plea Agreement by which he pled guilty to Counts 52 and 53 of the First Superseding Indictment in this case, and pled guilty to Counts 1 and 2 of the Information in Case No. 3:05-cr-029-HRH.  On May 2, 2005, the Honorable H. Russel Holland entered a Preliminary Order of Forfeiture against the above-named defendant, forfeiting to the United States the defendant's interest in the $4,643.00 IN UNITED STATES CURRENCY described in Count 52 and the $5,281.00 IN UNITED STATES CURRENCY described in Count 53.  Docket 278.

### Defendant Rungsee Muangkeo (D-04)

4.      On April 11, 2005, defendant RUNGSEE MUANGKEO entered into a Plea Agreement by which he pled guilty to Counts 55 and 56 of the First Superseding Indictment in this case, and pled guilty to Counts 1 and 2 of the Information in Case No. 3:05-cr-028-HRH.  On April 27, 2005, the Honorable H. Russel Holland entered a Preliminary Order of Forfeiture against the above-named defendant, forfeiting to the United States the defendant's interest in the $140,000.00 in substitute res for the real property located at 3617 Challenger Circle, Anchorage, described in Count 55, and the 2003 Mazda MPV, described in Count 56. Docket 7 in No. 3:05-cr-028.

### Defendant Mayuree Muangkeo (D-05)

5.      On April 11, 2005, defendant MAYUREE MUANGKEO entered into a Plea

Agreement by which she pled guilty to Counts 55 and 56 of the First Superseding Indictment in this case, and pled guilty to Counts 1 and 2 of the Information in Case No. 3:05-cr-030-HRH.  On April 27, 2005, the Honorable H. Russel Holland entered a Preliminary Order of Forfeiture against the above-named defendant, forfeiting to the United States the defendant's interest in the $140,000.00 in substitute res for the real property located at 3617 Challenger Circle, Anchorage, described in Count 55, and the 2003 Mazda MPV, described in Count 56.  Docket 6 in No. 3:05-cr-030.

**Defendant Monthree Udomsin (D-08)**

6. On April 11, 2005, defendant MONTHREE UDOMSIN entered into a Plea Agreement by which he pled guilty to Count 48 of the First Superseding Indictment in this case, and pled guilty to Counts 1 and 2 of the Information in Case No. 3:05-cr-027-HRH.  On April 25, 2005, the Honorable H. Russel Holland entered a Preliminary Order of Forfeiture against the above-named defendant, forfeiting to the United States the defendant's interest in the $31,075.00 IN UNITED STATES CURRENCY described in Count 48.  Docket 9 in No. 3:05-cr-027.

**Defendant Karry Chindarak (D-09)**

7. On April 13, 2005, defendant KARRY CHINDARAK entered into a Plea Agreement by which he pled guilty to Counts 1 and 47 of the First Superseding Indictment in this case.  On May 5, 2005, the Honorable H. Russel Holland entered a Preliminary Order of Forfeiture against the above-named defendant, forfeiting to the United States the

defendant's interest in the $15,718.27 IN UNITED STATES CURRENCY described in Count 47. Docket 287.

### Defendant Jannie Keomany (D-10)

8. On April 25, 2005, defendant JANNIE KEOMANY entered into a Plea Agreement by which she pled guilty to Counts 1 and 47 of the First Superseding Indictment in this case. On May 2, 2005, the Honorable H. Russel Holland entered a Preliminary Order of Forfeiture against the above-named defendant, forfeiting to the United States the defendant's interest in the $15,718.27 IN UNITED STATES CURRENCY described in Count 47. Docket 276.

### Defendant Bounlay Chitpaseuth (D-15)

9. On April 14, 2005, defendant BOUNLAY CHITPASEUTH entered into a Plea Agreement by which he pled guilty to Count 54 of the First Superseding Indictment in this case, and pled guilty to Counts 1 and 2 of the Information in Case No. 3:05-cr-034-HRH. On April 28, 2005, the Honorable H. Russel Holland entered a Preliminary Order of Forfeiture against the above-named defendant, forfeiting to the United States the defendant's interest in the $29,663.00 IN UNITED STATES CURRENCY described in Count 54. Docket 5 in No. 3:05-cr-034.

10. Pursuant to 21 U.S.C. § 853(n)(1), persons asserting a legal interest in the above-described forfeited currency are entitled to a judicial determination of the validity of the legal claims or interests they assert.

11. The United States Marshals Service directed written notice of all eight of the Preliminary Orders of Forfeiture issued in this case via Certified U.S. Mail, Return Receipt Requested, to the following persons known to have alleged, or likely to allege, an interest in the subject currency:

a. Lamphone Sanouvong (via counsel, Hugh W. Fleischer) served on June 13, 2005 (docket 323);
b. Vonglachit Khanthavong (via counsel, T. Burke Wonnell) served on June 13, 2005 (docket 327);
c. Khonesavanh Thinoi (via counsel, Randall S. Cavanaugh) served on June 13, 2005 (docket 328);
d. Rungsee Muangkeo (via counsel, Kevin McCoy) served on June 13, 2005 (docket 329);
e. Mayuree Muangkeo (via counsel, William D. English) served on June 13, 2005 (docket 330);
f. Daniel Nasunin (via counsel, Henry E. Graper, III) served on June 13, 2005 (docket 331);
g. Phattra Nasunin (via counsel, John M. Murtagh) served on June 13, 2005 (docket 332);
h. Monthree Udomsin (via counsel, David R. Weber) served on June 14, 2005 (docket 333);
i. Karry Chindarak (via counsel, Lance C. Wells) served on June 13, 2005 (docket 334);
j. Jannie Keomany (via counsel, William Frederick Dewey) served on June 13, 2005 (docket 335);
k. Chansuda Powers (via counsel, Ronald A. Offret) served on June 14, 2005 (docket 336);
l. Parin Suksumek (via counsel, Mark D. Osterman) served on June 13, 2005 (docket 337);
m. Bounlay Chitpaseuth (via counsel, Scott A. Sterling) served on June 13, 2005 (docket 338);
n. Somyos Suksanguan (via counsel, William B. Carey) served on June 13, 2005 (docket 339);
o. Montakarn Jones (via counsel, Joe P. Josephson) served on June 13, 2005 (docket 326);
p. Richard Manivong served on August 13, 2005 (docket 402);

      q.      Khamkeo Khamleu (via counsel, Charles Coe) served on August 12, 2005 (docket 405);

      r.      Sounthorn Chitpaseuth on March 15, 2006;

      s.      Khamphanh Chitpaseuth served on August 15, 2005 (docket 409);

      t.      Saypana Phoumychith on March 15, 2006 and March 25, 2006;

      u.      Emmanuel Eduarte on March 18, 2006;

      v.      Soonatree Kintz served on August 12, 2005 (docket 404);

      w.      Mayura Vongmongkoz served on August 12, 2005 (docket 407);

      x.      Hung Seng Muangkeo served on August 12, 2005 (docket 406);

      y.      Inpanh F. Boutsomsi served on August 15, 2005 (docket 408);

      z.      Wells Fargo Bank, Jim Page served on August 13, 2005 (docket 403);

      aa.      First National Bank Alaska, Don Krohn served on August 12, 2005 (docket 401).[1]

Service of the notice in this case was an exhaustive and time-consuming process, because many of the Certified U.S. Mail receipts were returned unserved (dockets 410–422, 428), which resulted in several rounds of mailings. As indicated above, over 54 mailings were sent

---

[1] Attempts to serve May Voravong, Thongkhoune Inthoulangsy, Vieng Onesyvieng, and Keuan Phetsarath involved considerable time, effort and difficulty. Each of these potential claimants was served by the FBI during administrative forfeiture proceedings of the same property now encompassed by the Preliminary Order(s) of Forfeiture. Ultimately, numerous additional attempts to serve these parties were unsuccessful (as undeliverable and/or unclaimed): May Voravong (3501 E. 42nd Avenue, Anchorage, AK 99508 on August 18, 2005; and 309 Oak Street, Modesto, CA 95351 on August 23, 2005); Thongkhoune Inthoulangsy (5520 47th Avenue, Kenneth City, FL 33709 on October 17, 2005; and 1500 79th Avenue N., St. Petersburg, FL 33702 on November 4, 2005), Vieng Onesyvieng (80 Robinson Avenue, Attleboro, MA 02703 on August 18, 2005; 2235 Judith Street, Providence, RI 02909 on August 22, 2005; and 10 Gustin Avenue, Attleboro, MA 03703 on September 26, 2005), and Keuan Phetsarath (209 N. Klevin Street, #4, Anchorage, AK 99508 on August 17, 2005; and Laotian Club, 4015 Mountain View Drive, Anchorage, AK 99508 on August 24, 2005). The government's view is that these persons have been afforded constitutionally-adequate notice under Mullane v. Central Hanover Bank & Trust, Co., 339 U.S. 306, 317-19 (1950); United States v. Ritchie, 342 F.3d 903 (9th Cir. 2003); and Collette v. DEA, 386 F.Supp.2d 1120 (D.Alaska 2005). Adequate notice was provided by a combination of administrative mailings, serial attempts at service of judicial forfeiture notices, followed by further investigation and follow-up attempts, and publication.

out in this case.

12. The United States Marshals Service published notification of all eight Preliminary Orders of Forfeiture in the Anchorage Daily News, a newspaper of general circulation, on June 12, 19, and 26, 2005. Dockets 323 and 324. Said published notices advised all third persons of their right to petition the Court within 30 days of the publication date for a hearing to adjudicate the validity of their alleged legal interest in said currency.

13. On July 26, 2005, Steven J. Priddle filed a Petition for Hearing Adjudicating Verified Claim with regard to the above-described currency. Docket 355. The following day, on July 27, 2005, Mr. Priddle filed a Notice of Withdrawal of Petition for Hearing Adjudicating Verified Claim. Docket 363.

14. No other petitions of interest or other claims or requests for an ancillary hearing with regard to the above-described currency have been filed by any person or entity within the time allowed by law.

15. Declarant knows of no reason why a Final Decree of Forfeiture should not now be issued declaring said currency be forfeited as to all persons. Full right, title and interest in the above-described currency shall be and hereby is vested in the United States.

Further, the United States Marshals Service and its property manager and/or its contractor should be directed to dispose of said currency and pay any and all costs according to law.

I declare under penalty of perjury that the foregoing is true and correct.

EXECUTED this 8th day of August, 2006 in Anchorage, Alaska.

                                        DEBORAH M. SMITH
                                      Acting United States Attorney

                                      s/James Barkeley
                                      JAMES BARKELEY
                                      Assistant U. S. Attorney
                                      Federal Building & U.S. Courthouse
                                      222 W. 7th Avenue, #9, Rm. C-253
                                      Anchorage, AK  99513-7567
                                      Phone: (907) 271-3699
                                      Fax: (907) 271-1500
                                      Email: jim.barkeley@usdoj.gov
                                      Alaska Bar No. 8306019